UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL CAOUTTE,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 13-6274 |
| ROBERTO ZEPEDA and<br>OOIDA RISK RETENTION GROUP, INC.,<br>    Defendants | SECTION "N"  (5) |

## ORDER AND REASONS

Presently before the Court is a motion for partial summary judgment (Rec. Doc. 34) filed by Plaintiff.  On the showing made, **IT IS ORDERED** that the motion is **DENIED**.

### I. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248  (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the

1

nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888(1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving

party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. **Application of Legal Principles**

This personal injury lawsuit arises from a September 27, 2013 motor vehicle accident on Interstate Highway 12 near Hammond, Louisiana. Specifically, an 18-wheeler driven by Defendant Zapeda rear-ended an 18-wheeler driven by Plaintiff.

With his motion for summary judgment, Plaintiff seeks a judicial determination that no disputed issue of material fact exists relative to his "complete freedom from fault and that the defendant driver Mr. Zepeda is liable for causing the collision." See Rec. Doc. 34, p. 2. Having carefully reviewed the parties' submissions, the Court finds Plaintiff has failed to demonstrate the absence of a genuine dispute of material fact relative to his "complete freedom from fault" and, conversely, that liability rests *solely* with Defendant Zepeda.

In short, even if Plaintiff is correct that Louisiana Revised Statute 32:81 provides a presumption of fault relative to Defendant Zepeda, application of that legal presumption does not thereby preclude an apportionment of fault against the lead driver, i.e., Plaintiff, where his own

negligence is shown to have contributed to the accident.  Indeed, this legal principle is expressly recognized in the very authorities cited by Plaintiff in support of his motion.  *See Mart v. Hill*, 505 So. 2d 1120, 1122-24 (La. 1987); *Matherne v. Lorraine*, 2003-2369 (La. App. 1st Cir. 9/17/04), 888 So. 2d 244, 246.  And, as stated, Plaintiff has failed to establish the absence of triable issue of fact relative to his own fault.  Accordingly, Plaintiff's motion is denied.

New Orleans, Louisiana, this 13th day of April 2015.

_____
**KURT D. ENGELHARDT**
**United States District Judge**